UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-385-KKC

ADELENE M. LEWIS                                                    PLAINTIFF

vs.                                    **ORDER AND OPINION**

LOWE'S HOME CENTERS, INC.,
CORBIN LOWE'S, LLC,
and JERRY HENDERSON                                              DEFENDANTS

*********

This matter is before the Court on Plaintiff, Adelene Lewis's ("Lewis"), Motion to

Remand [Rec. No. 5]. For the reasons stated below, the Court GRANTS the motion.

## I. BACKGROUND

The Plaintiff filed suit against Lowe's Home Centers, Inc. ("Lowe's Home Centers"),

Corbin Lowe's, LLC ("Corbin Lowe's"), and Jerry Henderson ("Henderson") in Laurel Circuit

Court alleging negligence arising out of an injury suffered by the Plaintiff while shopping at the

Corbin Lowe's.

On August 25, 2006, the Defendant, Lowe's Home Centers, removed the action to this

Court pursuant to diversity jurisdiction on the belief that Henderson, a non-diverse defendant,

was fraudulently joined, thus, Henderson's residency should be disregarded. [Rec. No. 1]. The

Notice of Removal was signed by attorneys for Defendants, Lowe's Home Centers and

Henderson. [Rec. No. 1, pg. 4]. However, the Notice of Removal was not signed by the

Defendant, Corbin Lowe's. *Id*.  On October 9, 2006, the Defendant, Corbin Lowe's, filed a

Consent to Removal. [Rec. No. 7].

The Plaintiff, in the Motion to Remand, alleges that the Defendants improperly removed this action because all Defendants did not timely join the Notice of Removal and the joinder of Henderson was not fraudulent. [Rec. No. 5].

## II. ANALYSIS

### a. Failure of the Defendants to Join in Notice of Removal

Plaintiff argues that remand is appropriate because Defendant, Corbin Lowe's, did not properly join in the Notice of Removal under 28 U.S.C. § 1446(b). The statute provides, in relevant part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)

Generally, notice of removal is defective under 28 U.S.C. § 1446(b) if all defendants do not join in the notice. *Michigan Affiliated Healthcare System, Inc. v. CC Systems Corp. of Michigan*, 139 F.3d 546, 548-549 (6th Cir. 1998). "[T]here is a rule of unanimity that has been derived from the statutory language prescribing the procedure for removing a state action to federal court, 28 U.S.C. § 1446. This rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court." *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003). "The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999).

Defendant, Corbin Lowe's, filed a Consent to Removal after the original Notice of Removal was filed. [Rec. No. 7]. However, consent to removal must be given within the thirty day period prescribed by 28 U.S.C. § 1446(b). *Mehney-Egan v. Mendoza*, 124 F.Supp. 467, 471 (E.D. Mich. 2000); *See also Central Laborers' Pension Fund v. Chellgren*, 2004 WL 1348880 (E.D.Ky. 2004)(unpublished). "[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Loftis*, 342 F.3d at 516 (citations omitted).

The Plaintiff filed the Complaint in this action in July 2006. [Rec. No. 1, Complaint]. Defendants, Lowe's Home Centers and Henderson, filed a Notice of Removal on August 25, 2006. [Rec. No. 1]. Defendant, Corbin Lowe's, did not file a Consent to Removal until October 9, 2006, more than two months after service of process and forty five days after the Notice of Removal was filed by Lowe's Home Centers and Henderson. [Rec. No. 7; Rec. No. 12, pg. 2].[1] Corbin Lowe's failed to file a timely consent to removal, thus, all defendants did not join in the Notice of Removal, therefore, removal is defective under 28 U.S.C. § 1446(b). *Loftis*, 342 F.3d at 516; *See also Richie v. Sermersheim*, 2006 WL 2414540 (W.D. Ky. 2006)(unpublished).

**b. Cure of Defects in the Removal Process**

"The strict time requirement for removal in civil cases is not jurisdictional; rather, it is a

---

[1] The Defendants do not contest the date on which they received a copy of the complaint or service of process. The Defendants do not even respond to Plaintiff's allegations of failure to timely join in the Notice of Removal.

3

strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993). "Although the thirty-day consent deadline is not jurisdictional, it is nonetheless mandatory and must be enforced." *Patrick v. Joint Const. Code Authority*, 2002 WL 31938726 (E.D.Mich. 2000). However, the Sixth Circuit has allowed defendants to cure defects in removal in certain situations after expiration of the thirty day period. *Central Laborers' Pension Fund*, 2004 WL 1348880; *Gafford v. General Elec. Co.*, 997 F.2d 150, 164 (6th Cir. 1993)(holding that a "petition for removal may be amended under the same considerations governing the amendment of any other pleading containing jurisdictional allegations").

In *Jordan v. Murphy*, 111 F.Supp. 2d 1151 (N.D.Ohio 2000), the court allowed defendants to amend the notice of removal after the thirty day period had expired to cure a defect in the unanimity requirement. The defendants in *Jordan* stated in the notice of removal that all defendants consented to removal but one defendant failed to sign the notice and eight days after the filing of the removal notice the defendants filed a signed consent to removal, furthermore, the defendants filed an unopposed motion to amend the removal notice. However, in *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 977 (S.D.Ohio 2003), the court distinguished *Jordan* and did not allow the defendants to cure the defect in the notice of removal. The court remanded the case on the grounds that the notice of removal did not contain a statement that all defendants consented to removal, consent to removal was filed after the period expired and after the Plaintiff filed a motion to remand, and the timeliness requirement had not been waived. Thus, the court held "that Defendants' untimely filing of their consents to removal is more than a technical defect in the removal process, thus mandating remand to the state court." *Id*. at 977.

4

Like the case in *Hicks*, this action can be distinguished from *Jordan*. In this case, the Notice of Removal, filed August 25, 2006, was specifically brought by Lowe's Home Centers and signed by Lowe's Home Centers and Henderson only. [Rec. No. 1]. Furthermore, the Answer to Plaintiff's Complaint, filed September 13, 2006, was filed by Lowe's Home Centers and Henderson only. [Rec. No. 4]. The Defendant, Corbin Lowe's did not file a notice or motion with this Court until October 9, 2006 when it filed a Consent to Removal, which was after Plaintiff's Motion to Remand was filed. [Rec. No. 7]. Likewise, Corbin Lowe's Answer to Plaintiff's Complaint was not filed until October 9. 2006. Furthermore, the Plaintiff has not waived the timeliness requirement and in fact argues that such defect is grounds for remand.

The Court concludes that this action must be remanded due to the failure of all Defendants to consent to removal in a timely manner, thus, the Court need not address the issue of whether Henderson was fraudulently joined in order to defeat federal diversity jurisdiction. *See Hicks*, 254 F. Supp. 2d at 978 n. 7.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)     This case is **REMANDED** to the Laurel Circuit Court.

(2)     This case is **STRICKEN** from the active docket of this Court.

Dated this 1st day of December, 2006.



Signed By:

_Karen K. Caldwell_

**United States District Judge**